IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TONY McGRAW, on behalf of himself )
and all other Plaintiffs similarly situated )
known and unknown, )
 )
                Plaintiffs, )
 )
                v. )      No: 13 C 2785
 )
AD-STUDIO DVE CO., and ANASTAS )
GUELEV, individually, )
 )
                Defendants. )

**MEMORANDUM ORDER**

AD-Studio Dve Co. ("AD-Studio") and Anastas Guelev ("Guelev") have filed their Answer to the action brought against them by Tony McGraw ("McGraw") on his own behalf and on behalf of other drivers employed by AD-Studio, with the claims advanced in McGraw's Complaint being brought under the Fair Labor Standards Act[1] and the Illinois Minimum Wage Law. This memorandum order is issued sua sponte to address some problematic aspects of both the Complaint and the Answer.

To begin with, Answer ¶ 2 is in part a contradiction in terms. After it admits <u>all</u> of the substantive allegations of Complaint ¶ 2 as to AD-Studio, it then goes on to say:

Defendants deny the rest of paragraph 2 of the Complaint.

But because there <u>is</u> no "rest of paragraph 2," there is nothing for AD-Studio to deny!

On the other side of the coin, though, co-defendant Guelev is within <u>his</u> rights in advancing a denial of McGraw's allegations. In that respect the fault is partly attributable to McGraw, for what

---

[1] That portion of the Complaint is brought as a collective action.

Answer ¶ 2 and a number of other later paragraphs reflect is that McGraw's counsel has confused matters by carelessly collectivizing "defendants" in a good many of the Complaint's allegations.

Under the circumstances this Court will not require either side to modify the existing pleadings. Instead it anticipates that the respective roles of the two defendants will become clarified during the course of discovery.

What really prompts this memorandum order, however, is the nature of several of the Affirmative Defenses ("ADs") that follow the Answer proper. Although lawyers seldom think in these terms, the notice-pleading approach called for by Fed. R. Civ. P. 8 is incumbent on defendants as well as plaintiffs, so that generic ADs fail to assist in the process of ascertaining what matters are and what matters are not at issue between the litigants. Here are some problems with the ADs as pleaded:

1. Each of ADs 1 through 3 is hedged by beginning with the phrase "to the extent," which is a sure tipoff that no information is conveyed as to the specific nature of the defendants' contentions in real world terms. Each of those ADs is stricken without prejudice. If defendants wish to specify any perceived inadequacies in the Complaint, they must seek leave to submit a replacement pleading that is fleshed out sufficiently to be truly informative.

2. AD 4, apart from its misspelling of "de minimis," advances the notion of a "de minimus doctrine" that is unknown to this Court. If defendants really believe that McGraw and others cannot recover for statutory violations on the ground that their claims are not large enough, that notion must be buttressed by providing supporting authorities – so once again this AD is stricken without prejudice.

3. AD 5, which looks to a possible assertion of future defenses, adds nothing to the corpus juris. It will be time enough to address the possibility of future

defenses as and when they may arise, but in the meantime AD 5 is stricken with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 20, 2013