IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TONY McGRAW**, on behalf of himself and all other Plaintiffs similarly situated known and unknown, and **ANGEL RIVERA** and **SADDAM MANSUR**, <br><br> Plaintiffs, <br><br> v. <br><br> **AD-STUDIO DVE CO.**, **FEDEX GROUND PACKAGE SYSTEM, INC.**, and **ANASTAS GUELEV**, individually, <br><br> Defendants. | Case No. 13 C 2785 |

## MEMORANDUM ORDER

FedEx Ground Package System, Inc. ("FedEx Ground") has filed its Answer and an Affirmative Defense ("AD") to the First Amended Complaint ("FAC") that targets FedEx Ground, AD-Studio DVE Co. ("AD-Studio") and Anastas Guelev as defendants. This memorandum order is issued sua sponte to address certain aspects of that responsive pleading.

FedEx Ground's position in this putative opt-in action under the Fair Labor Standards Act, which is coupled with a parallel claim under the Illinois Minimum Wage Law, is essentially a "who, me?" disclaimer: It asserts that the package pick-up and delivery services rendered by the named plaintiffs and other drivers in the Chicago area were not performed for FedEx Ground but rather for AD-Studio, with which FedEx Ground had entered into an Independent Service Provider Agreement (Answer ¶ 3). This Court of course makes no findings either way as to the parties' respective substantive positions, which will certainly be fleshed out through further discovery (until a month ago FedEx Ground was not a party defendant -- it was recently added

by the FAC on the premise that it was a joint employer together with the original defendants).[1] Instead the principal purpose of this memorandum order is occasioned by the AD that FedEx Ground has appended to its Answer, a purported defense that points to the "Motor Carrier Act Exemption" set out at 29 U.S.C. § 213(b)(1), as to which FedEx counsel states:

> Plaintiffs may have been exempt from overtime pay during some or all of the time they were employed pursuant to the Motor Carrier Act Exemption because during certain time periods one or more Plaintiffs drove a vehicle with a gross vehicle weight and/or gross vehicle weight rating exceeding ten thousand pounds.

That "may have been exempt" assertion violates the fundamental principle of Fed. R. Civ. P. 8(c) and the caselaw interpreting and applying that provision (see also App'x ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)), which requires a responding party to accept the allegations of a complaint as gospel while asserting some other fact that may negate liability on the pleader's part -- and here FAC ¶¶ 31 through 34 expressly reject the hypothetical premise set out in FedEx Ground's purported AD. Accordingly that AD is stricken.

                                                                          */s/ Milton I. Shadur*

                                                                          Milton I. Shadur
                                                                          Senior United States District Judge

Date: May 12, 2014

---

[1] It may be noted in that respect that FedEx Ground admits in Answer ¶ 21 that its agreement with AD-Studio apparently authorized the latter to place decals with the name "FedEx Home Delivery" on its vehicles. This Court anticipates that the asserted legal significance (or lack of significance) of that aspect of the case will be one focal point of the parties' factual and legal presentations.